IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                                       **Criminal Action No. 1:19cr43**
                                                                             **(Judge Kleeh)**

**ONEIL WAYNE SOUTH,**

    **Defendant.**

**MEMORANDUM ORDER DENYING DEFENDANT'S
MOTION FOR A NEW TRIAL [DKT. NO. 98]**

On May 26, 2020, Defendant Oneil Wayne South ("South" or "Defendant") filed a Motion for a New Trial[1] [Dkt. No. 98]. The Government filed its Response on June 2, 2020 [Dkt. No. 100]. The Court heard argument on the motion by video on June 10, 2020 [Dkt. No. 101]. South raises one assignment of error in his motion. For the reasons discussed here, the motion is denied.

**I.    INTRODUCTION**

Following a two-day jury trial, Defendant was found guilty of being an unlawful user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On March 3, 2020, prior to the jury beginning its deliberations and at the close of the

---

[1] On March 9, 2020, the Court ordered that any motion for new trial be filed by May 4, 2020 [Dkt. No. 89]. Defendant requested additional time by which to file a motion for new trial on May 4, 2020 [Dkt. No. 96], and the Court extended the deadline to May 26, 2020 [Dkt. No. 97].

Government's evidence, South, by counsel, moved for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure [Dkt. No. 72].  Counsel for Defendant filed a memorandum in support of the motion [Dkt. No. 76] and the Government filed a written response [Dkt. No. 77].  After hearing argument from the parties, the Court denied the motion for judgment of acquittal on March 4, 2020 [Dkt. No. 78].

That motion was based primarily on the same grounds that Defendant advances here.  South argues that the Court should have instructed the jury based on the Ninth Circuit Court of Appeals decision in United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001).  Specifically, Defendant argues that to convict a Defendant of a violation of 18 U.S.C. § 922(g)(3), the Government is required to prove (1) that the Defendant took drugs with regularity, (2) over an extended period of time, and (3) contemporaneously with his possession of a firearm.  Defendant contends that by refusing to require the United States to prove "a pattern and recency of drug use by the defendant, or that the drug use was sufficiently consistent, prolonged, and close in time to the possession of the firearm to put the defendant on notice that he qualified as an unlawful user of drugs under the statute," the Court lowered the Government's burden of proof [Dkt. No. 98 at 5].  South is unable to point the Court to any new or additional binding authority in support of the argument advanced in this motion other than what he

relied upon previously for the motion for judgment of acquittal.

## II. APPLICABLE LAW

Under Rule 33(a), a court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). In applying Rule 33, "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance that the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006).

## III. DISCUSSION

South claims that the jury was not provided the appropriate legal standard necessary for the conviction [Dkt. No. 98 at 2]. The parties agree on the definition of "unlawful user of a controlled substance", as the jury was instructed:

> a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in the use of any controlled substance(s) during the time he possessed the firearm, but the law does not require that he used the controlled substance(s) at the precise time he possessed the firearm.

[Dkt. No. 82 at 10-11]. South takes issue with the next part of the instruction regarding inference:

> Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person is a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a

3

    controlled substance that reasonably covers the time the firearm was possessed.

[Id. at 11].

    Defendant argues that the instruction given to the jury misstates the legal standard the Government must meet to obtain a conviction. South contends that the misstatement "lowered the standard of what the United States was required to prove and utilized a definition that made it near impossible for anyone in Mr. South's position to have had notice that he qualified as an 'unlawful user'" [Dkt. No. 98 at 3]. South argues that the definition allowed the jury to convict Defendant upon a finding that he actively engaged in the use of cocaine around the time he possessed the firearm [Id.]. Instead, Defendant asserts that the Government was required to prove a "pattern of prolonged or consistent use," or that "Defendant's use of drugs was to such a degree as to put him on notice that he may be a member of this prohibited group".

    In making the same argument to the Court in support of his motion for judgment of acquittal at the close of the Government's evidence, South asked that the case be dismissed due to insufficiency of evidence[2] [Dkt. No. 95 at 133]. Defendant argued

---

[2] The legal standard for consideration of a Rule 29(a) motion for judgment of acquittal requires the Court to view the evidence in the light most favorable to the Government, and a defendant who challenges the sufficiency of the evidence under this Rule faces an "imposing burden". United States v. Martin, 523 F.3d 281, 288

that the evidence showed that he was "in possession of something that might be cocaine base, that it was probably cocaine based [sic]", but that there was no confirmation of that fact [Id.]. Counsel for Defendant argued that "[o]nly on one occasion can the Government present solid evidence that he was under the influence of something, and that was after his possession of the firearm" [Id.]. It is South's contention the only evidence of his drug use was a single drug test admitted into evidence by the Government which confirmed his use of a controlled substance [Id.].

In its argument against South's motion for judgment of acquittal, the Government referenced the additional evidence presented from March 8, 2019, the date of Defendant's offense, to show that Defendant was an unlawful user of drugs [Dkt. No. 95 at 133-134]. That evidence included officers having been dispatched to Defendant's location after a caller's report of suspicious activity outside of an apartment complex known by officers for drug activity [Id.]. Evidence was also presented that Defendant was found with a "crack pipe on him," "crack on him," and he admitted to an officer that he "smokes crack occasionally" [Id. at 134]. The firearm at issue was recovered from South at that same

---

(4th Cir. 2008) (citing United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A defendant must establish that "the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt." Id. (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

time [Id.]. The Government further argued that historical evidence of South's possession of crack cocaine in September 2016 and drug paraphernalia in September 2018, combined with evidence of a positive drug screen following a March 12, 2019, vehicle incident during which Defendant fled from law enforcement, shows that Defendant was an active user of drugs close in time to possession of the firearm on March 8, 2019 [Id.].

Counsel for South stated during argument that the inference requires "more than that. It's not active. I mean, it is active. It's also habitually active. It's repeatedly active. It's a pattern of activity" [Dkt. No. 95 at 135]. Counsel also noted South's demeanor with officers when questioned on March 8, 2019, in which he was calm, cooperative and did not appear to be under the influence of anything, and argued that "at best, it's a case of occasional use, which isn't active, continuous, or habitual use of a drug" [Id.].

The parties submitted briefs on Defendant's motion for judgment of acquittal [Dkt. Nos. 76, 77]. Defendant conceded that the Fourth Circuit has found "the exact reach of the statute (18 U.S.C. § 922(g)(3)) is not easy to define" [Dkt. No. 76 at 3 (citing United States v. Jackson, 280 F.3d 403, 406 (4th Cir. 2002))]. Counsel further stated that, to date, the Fourth Circuit has not expressed a specific definition or standard for the term "unlawful user" as used in Section 922(g)(3) [Id.]. South argued

6

that the Court should use the Ninth Circuit standard utilized in Purdy, 264 F.3d at 813, which requires that the Government prove (1) the defendant took drugs with regularity, (2) over an extended period of time, and (3) contemporaneously with his possession of a firearm [Id.].

Defendant noted that the statute requires proof of a pattern and recency of drug use by the Defendant or that the drug use was sufficiently consistent, prolonged, and close in proximity to the Defendant's gun possession to put Defendant on notice that he qualified as an "unlawful user" under the statute [Dkt. No. 76 at 3]. See United States v. Sperling, 400 Fed. Appx. 765, 767 (4th Cir. 2010) (unpublished); United States v. Edwards, 2002 U.S. App. LEXIS 4553 (4th Cir. 2002). South believed the evidence was insufficient to be submitted to a jury.

The Government opposed Defendant's request for judgment of acquittal and relied on federal regulations for the definition of "unlawful user," in 27 C.F.R. § 478.11:

> A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past

year.

[Dkt. No. 77 at 3-4]. The Government argued that South's position – that the Government must prove he used drugs over a prolonged and extended period of time, and contemporaneously with his possession of a firearm – contradicts published decisions from the Fourth Circuit [Id.]. See United States v. Carter, 669 F.3d 411, 419 (4th Cir. 2012) (holding that Section 922(g)(3) "only applies to persons who are *currently* unlawful users or addicts") (emphasis in original); Jackson, 280 F.3d 403 (rejecting the argument that to violate Section 922(g)(3), "one must be in possession of a controlled substance *at the same time one possesses a firearm*") (emphasis in original). The Government contended that it was sufficient to demonstrate South used crack cocaine during the time frame that he possessed the firearm [Dkt. No. 77 at 4].

On March 4, 2020, in arguing jury instructions, South requested that the Court use the Ninth Circuit's inference language from Purdy and the Government requested that the inference instruction follow the Eighth Circuit model which incorporates the federal regulations applicable to Section 922(g)(3) [Dkt. No. 95 at 159-167]; See Model Crim. Jury Instr. 8th Cir. 8.18.922B (2020); See also United States v. Turnbull, 349 F.3d 558, 562 (8th Cir. 2003) (finding that the district court acted within its discretion when it incorporated the 27 C.F.R. § 478.11 definition in its instructions). Acknowledging the lack of direct Fourth Circuit

8

precedent, the Court selected the instruction for the "unlawful user" inference that was consistent with the Eighth Circuit's model jury instruction and the applicable federal regulation [Id.]. Defendant argues that, in instructing the jury, the Court should have effectively ignored the Code of Federal Regulations. The Court noted the conflicting standards set forth in decisions cited by the parties, but determined that the jury should weigh whether an "unlawful user" was to be interpreted to mean an active user over a specific timeframe, a current user, or something else [Id. at 166-167]. Defendant's objection was noted but overruled [Id. at 167]. The Court also denied South's motion for judgment of acquittal and found the evidence presented during the Government's case in chief and outlined in its response brief sufficient for the jury to consider [Id.].

In the motion for new trial, South asserts that the "unlawful user" inference instruction requested by Defendant has been used in this district in the past and was not an unusual request by the defense [Dkt. No. 98 at 5 (citing United States v. Marsh, 1:06-CR-0004-IMK-JSK, Dkt. No. 64 at 20; and United states v. Springer, 5:09-CR-0009-FPS-JES-1, Dkt. No. 91 at 16-17)]. Counsel for South neither offered a previously used jury instruction from this district to support the motion for judgment of acquittal or referenced one during the Court's charge conference. Regardless, the Court is not persuaded by the district jury instructions now

referenced by Defendant because those cases, like the additional authority relied on by South, predate Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019).

Here, the evidence before the jury and the Court includes the following from March 8, 2019: South's possession of a crack pipe and crack cocaine while present at a location known for drug activity and while in possession of a firearm, combined with South's admission to an officer that he "occasionally uses" crack cocaine. The jury also received evidence concerning a March 12, 2019, vehicle incident involving Defendant – merely days after the charged offense – that showed South in possession of a new and different crack pipe. Defendant also had an undisputed positive drug screen on that date. Moreover, the Government presented historical evidence that Defendant used crack cocaine or was found with drug paraphernalia on two prior occasions – six months and two and a half years prior to March 8, 2019 – as circumstantial evidence of a pattern of conduct. Accordingly, there was evidence from which the jury could conclude that South possessed a firearm on March 8, 2019, and that he was an unlawful user of crack cocaine, a controlled substance.

Although South argues that his drug use was too sporadic to put him on notice that he could qualify as an "unlawful user" for purposes of the inference, the Court provided the jury with an instruction on the notice issue consistent with Rehaif. The third

element of the offense on which the jury was instructed required the jury to find that "at the time of possession [of the firearm], the defendant knew he was an unlawful user of, or addicted to, a controlled substance"[3] [Dkt. No. 82 at 13].  Based on the evidence presented and instructions given, including the instruction on the elements of the offense, a rational jury could find that South was on notice he qualified as an unlawful user of a controlled substance.  Counsel was free to argue in closing how much weight the jury should give the evidence, considering the proximity in time between the historical incidents of Defendant's crack cocaine use or possession of drug paraphernalia and the March 8, 2019, offense.  The Court cannot agree that the evidence weighs heavily against the jury's verdict or that its instructions to the jury on the elements of 18 U.S.C. § 922(g)(3) and the "unlawful user" inference were improper such that Defendant did not receive a fair

---

[3] In the Court's proposed charge, a different third element of the offense was proposed to the parties but was modified after discussion [Dkt. No. 88 at 14].  The notice element originally proposed was "at the time of possession [of the firearm], the defendant knew he was prohibited from possessing a firearm as an unlawful user of a controlled substance" [Id.].  Counsel for South agreed with the Government that for a conviction under Section 922(g)(3), South did not have to know he was prohibited from possessing a firearm, but instead had to know that he was within the status of an unlawful user [Dkt. No. 95 at 151].  That is, Defendant would only have to be aware that he qualified as an unlawful user of drugs when he possessed the firearm [Id.].  With the parties in agreement, the Court's proposed instruction was modified as to the third element of the offense [Id. at 151-152; Dkt. No. 82 at 13].

trial.

## IV. CONCLUSION

For the reasons discussed above, the motion for a new trial [Dkt. No. 98] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

**DATED**: June 26, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE